KULTGEN, Appellant, v. STATE HIGHWAY COMMISSION, Respondent. [Three cases.]

*February 9—March 6, 1962.*

152

For the appellants there was a brief and oral argument by *Ralph E. Houseman* of Grafton, and *Frank X. Didier* of Port Washington.

For the respondent the cause was argued by *Richard C. Bonner* of Grafton, special counsel, and *Richard E. Barrett,* assistant attorney general, with whom on the brief were *John W. Reynolds,* attorney general, and *James J. Koenen,* district attorney of Ozaukee county.

BROWN, J.   The respondent submits that the orders denying these motions are not appealable orders.

Sec. 83.07 (5) and sec. 32.11, Stats. 1955, provide that the proceedings in the circuit court shall proceed as an action subject to all the provisions of law relating to actions originally brought therein. Thus the appealability of the order would be governed by ch. 274, Stats. Sec. 274.33 renders appealable only final orders, or those concerning provisional remedies, injunctions, attachments, new trials, demurrers, questions of jurisdiction, stays of proceedings under sec. 262.19, stipulated matters, or summary judgments.

The motions do not fall within any of the designations of appealable orders unless, possibly, the phrasing of this motion, "to move the court for a trial by the court to declare the purported award null and void" and for other specified relief may be construed as a motion for summary judgment and, hence, appealable. This is a motion for the same relief which Kultgen, in 12 Wis. (2d) 261, asked of the court and for the same reasons. There he termed his motion as one for summary judgment and we so considered it. However, even if the present motion is one for summary judgment and its denial be treated as an appealable order the facts and arguments now presented are those which we considered in denying relief in *Kultgen v. State Highway Comm., supra.* The unchanged facts and law must again produce for appellants the same unhappy result. The conclusion must be that appellants' motions raising issues other than the measure of damages came too late for consideration by the circuit court and were properly denied.

*By the Court.*—Orders affirmed.